**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| SCOTT FRIEDUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00384-RCJ-WGC |
| vs. | ) | |
| | ) | |
| COUNTRYWIDE BANK, FSB et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

    This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy-type complaint listing nine causes of action: (1) Debt Collection Violations under Chapter 649; (2) Deceptive Trade Practices under Chapter 598; (3) Unfair Lending Practices under Chapter 598D; (4) Violation of the Covenant of Good Faith and Fair Dealing; (5) Violations of section 107.080; (6) Quiet Title; (7) Fraud; (8) Slander of Title; and (9) Abuse of Process. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Defendants have moved to dismiss and expunge the lis pendens. Plaintiff untimely responded. For the reasons given herein, the Court grants the motion.

**I.    THE PROPERTY**

    Plaintiff Scott Freidus gave lender Countrywide Bank, FSB a $417,000 promissory note to refinance property at 520 Lucille Dr., Incline Village, NV 89451 (the "Property"). (*See* Deed of Trust ("DOT") 1–4, Jan. 14, 2008, ECF No. 8-8). The trustee was Recontrust Co. (*See id.* 2). Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's "nominee." (*See id.*). MERS transferred the note and DOT to BAC Home Loans Servicing, LP, f.k.a. Countrywide

1  Home Loans Servicing LP ("BAC"). (*See* Assignment, Sept. 23, 2010, ECF No. 8-9).  BAC

2  substituted Recontrust as trustee. (*See* Substitution, Sept. 23, 2010, ECF No. 8-10).  This

3  substitution was superfluous, as Recontrust was the original trustee.  Recontrust filed the notice

4  of default ("NOD") based on a default of $30,148.58 as of December 1, 2009. (*See* NOD, Sept.

5  23, 2010, ECF No. 8-11; Notice of Intent to Accelerate (sixth notice), Aug. 13, 2010, ECF No. 8-

6  15, at 17).  Recontrust noticed a trustee's sale for Jan. 14, 2011. (*See* Notice of Trustee's Sale

7  ("NOS"), Dec. 24, 2010, ECF No. 8-13).

**II.   ANALYSIS**

The foreclosure was statutorily proper, so the section 108.070, quiet title, slander of title, bad faith, and abuse of process claims fail.  Next, foreclosure does not constitute "debt collection" under the state or federal fair debt collection statutes.  Finally, the claims for deceptive trade practices, unfair lending practices, and fraud fail under the respective statutes of limitations.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss and Expunge Lis Pendens (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that the lis pendens is EXPUNGED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 3rd day of October, 2011.

_____
ROBERT C. JONES
United States District Judge